PER CURIAM.
In a previous appeal this court reversed as to appellant’s sentence and directed the trial court to impose a sentence within the guidelines, 483 So.2d 876. Appellant was subsequently resentenced to a period of time, including probation, which was permissible under the guidelines in effect at the time of the resentencing but which would have been impermissible under the guidelines in effect at the time of the original sentencing. In resentencing appellant under the guidelines then in effect, the trial *373 judge was following State v. Jackson, 478 So.2d 1054 (Fla.1985).
However, after this appeal was filed, the Supreme Court of the United States has determined that it violates the prohibition against ex post facto laws to resentence to a higher penalty under the guidelines’ law at the time of resentencing than was originally permissible. See Miller v. Florida, — U.S.-, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Therefore, we reverse appellant’s sentence herein and remand for re-sentencing within the guidelines extant at the time the offense herein was committed.
DANAHY, C.J., and CAMPBELL and THREADGILL, JJ., concur.